**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Eric Genaro PAKAS–CARDENAS,**
**Defendant—Appellant.**

**No. 09–30051.**

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 13, 2009.*

Filed Oct. 28, 2009.

Michael S. Lahr, Assistant U.S., USHE–Office of the U.S. Attorney, Helena, MT, for Plaintiff–Appellee.

R.App. P. 34(a)(2).

Robert Henry Branom, Jr., Assistant Federal Public Defender, FDMT–Federal Defenders of Montana, Great Falls, MT, for Defendant–Appellant.

*States,* 552 U.S. 38, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007).

**AFFIRMED.**

Before: B. FLETCHER, LEAVY, and RYMER, Circuit Judges.

MEMORANDUM **

Eric Genaro Pakas–Cardenas appeals from the 46–month sentence imposed following his guilty-plea conviction for illegal re-entry of a deported alien, in violation of 8 U.S.C. § 1326(a). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Pakas–Cardenas contends that the district court procedurally erred by failing to explain how it considered the sentencing factors of 18 U.S.C. § 3553(a). The district court's explanation was sufficient under *Rita v. United States,* 551 U.S. 338, 358–59, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007) because this was a conceptually simple case, and the record is clear that the district court considered Pakas–Cardenas's arguments and believed that Pakas–Cardenas's personal circumstances "were simply not different enough to warrant a different sentence[,]" *id.* at 359, 127 S.Ct. 2456.

Pakas–Cardenas also contends that his sentence was substantively unreasonable. In light of the totality of the circumstances and the 3553(a) factors, the sentence was not unreasonable. *See Gall v. United*

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

